CASE No. 952.

### SULLIVAN v. JONES.

1. Grounds of appeal which complain of omissions by the Circuit judge to charge upon points not brought to his attention during the trial, are not properly before this court for consideration.
2. One claiming property in millstones under the terms of the agreement made with the owner of the mill when the stones were put there, is not estopped from asserting his claim by reason of a lease made with a subsequent owner of the mill and lands adjacent, binding him to pay as rent, one-fourth of the crops made on the farm, and one-third of the toll taken at the mill, the owner to pay half of the expenses of the mill, and possession to be surrendered at the end of the year—the testimony showing that both before and after this lease, the millstones were treated as distinct from mill-house and water-power.
3. Millstones put by a stranger into a mill-house, under agreement with the owner of the mill that they may be removed at pleasure, do not become a part of the freehold.
4. And such agreement may be proved in an action brought by a subsequent owner of the mill against the owner of the millstones, affecting the ownership of such stones.

---

Before PRESSLEY, J., Greenville, November, 1879.

Action by Hewlet Sullivan to recover $150 from John R. Jones, for an alleged trespass in taking and carrying away certain millstones, of the value of $100. Defendant took the millstones from plaintiff's mill, without injury to the freehold. The case is stated in the opinion.

The plaintiff appealed upon the following grounds:

1. Because his Honor erred in refusing to hold that the rental

obligation of John R. Jones, defendant, to Hewlet Sullivan,. plaintiff, for the mill, said obligation dated ·May 4th, 1875, estopped the defendant from setting up any claim to mill, mill-stones, or any appurtenances thereto.

2. Because his Honor erred in not holding that as the mill-stones were part of the freehold, that defendant had no' right to remove the same, to the injury of the plaintiff.

3. Because his Honor erred in permitting defendant to prove an agreement with Messrs. Hughes that he was to have an interest in said mill and appurtenances, when the property was sold as the property of William McNeely and bought by the plaintiff as judgment creditor of William McNeely.

There were four other grounds alleging error in not charging certain propositions of law.

*Mr. J. C. C. Featherston,* for appellant.

*Mr. George Westmoreland,* contra.

December 13th, 1880.    The opinion of the court was delivered by

McIVER, A. J.    This was an action to recover damages for a trespass alleged to have been committed by the defendant in taking and carrying away certain millstones from a mill-house on the land of the plaintiff.    The defence was that the millstones were the property of the defendant and were taken by him under an agreement made with a former owner of the land at the time the millstones were placed in the mill-house.

The testimony tended to show that the land upon which the mill-house was located originally belonged to one William McNeely, who conveyed it to G. T. Hughes by deed dated May 26th, 1866, which deed was not recorded.    G. T. Hughes, on January 22d, 1867, conveyed to T. J. and G. T. L. Hughes by a deed of that date, which was duly recorded.    Soon after the purchase by these last-named purchasers they entered into an agreement with the defendant and his brother, James H. Jones, whereby the Messrs. Jones were " to furnish the millstones and fixtures thereto and put the mill in running order; that the Messrs. Hughes were

to furnish the mill-house and water-power," and the proceeds of the mill were to be equally divided. It was also agreed that " the millstones and fixtures were to be and to remain the separate property of the Jones', and if at any time the business of grinding should become unprofitable, or should the parties disagree, the Jones' were at liberty to enter and remove said stones and fixtures. Under this agreement said stones and fixtures were put in said mill-house by the Jones'." The plaintiff having subsequently obtained a judgment against McNeely, the land was sold by the sheriff under it, and bought by the plaintiff in January, 1874. At this sale public notice was given that the millstones and fixtures on said land were the property of the Jones', and that whoever bought the land would buy subject to their claim ; but so far as appears from the " case " no controversy was raised as to the title to the land. When the defendant was offered as a witness to prove the agreement above referred to between himself and brother and the Messrs. Hughes, the plaintiff objected to his testifying upon that point, " on the ground that his rental agreement with the plaintiff, in which he agreed to pay Sullivan rent for the use of the mill, estopped him."

The agreement referred to as an estoppel, is in the following words :

"GREENVILLE, S. C., May 4th, 1875.

" In consideration that I am to have the use and possession of a certain tract of land, called the mill tract, lying in Greenville county, South Carolina, belonging to Hewlet Sullivan, for the purpose of making a crop thereon the present year, I do hereby bind myself to cultivate said place in a husband-like manner, and when the crop is made and gathered, I agree to give said Sullivan the one-fourth part of all the crops made on said place. I further agree to give said Sullivan the one-third part of the toll taken in at the mill on said place. If there is any expense attached to running said mill said Sullivan is to pay one-half the expense. I further agree to return the possession of said place to said Sullivan at the end of the present year.

" Witness my hand and seal.

" Attest : W. L. WAIT.            J. R. JONES. [L. S.]"

The Circuit judge, after hearing the agreement read over, overruled the objection, and the plaintiff excepted. There was also testimony to the effect that one White, who rented the mill in 1878, paid the Jones' for the use of the stones and fixtures, and the plaintiff for the use of the house and water-power.

The Circuit judge charged the jury that if they came to the conclusion that there was such an agreement, as the one above stated, between the Messrs. Jones and the Messrs. Hughes, "that the millstones and fixtures never became a part of the freehold, and hence could not pass with the land at the sale, and that it was not necessary for notice to have been given at the sale, that the intention of the parties at the time the millstones and fixtures were put there must govern."

The jury having found a verdict for the defendant, the plaintiff gave notice of appeal, upon various grounds, which are set out in the "case." All of these grounds, except the first, second and third, complain of omissions on the part of the Circuit judge to charge the jury upon points, which, so far as the "case" discloses, were not brought to his attention during the trial, either by a request to charge or otherwise, and, therefore, are not properly before us for consideration. We presume, however, that the appellant does not regard them as material, as they were not insisted upon in the argument here, and, therefore, no practical evil will result from the failure to present those points in such a way as that they could be properly considered by this court.

The first ground of appeal presents the point which seems to be mainly relied upon by the appellant, and that is that the "rental agreement," above set forth, estops the defendant from setting up any claim to the millstones. Without entering into a discussion of the principles upon which the doctrine of estoppel rests, it seems to us sufficient to say that the agreement relied upon wholly fails to show any recognition whatever, on the part of the defendant, of the right of the plaintiff to the millstones ; and certainly something of this kind would be necessary to create an estoppel. The millstones are not mentioned in the agreement, and the testimony, as we have seen, shows that both before and after the date of the agreement, the millstones were

treated as separate and distinct from the mill-house and water-power. The former owners of the mill, by their agreement with the Jones', expressly recognized the title of the defendant and his brother to the millstones, and after the agreement was made, there is strong ground for the inference that the plaintiff himself had likewise recognized the right of the defendant and his brother to the millstones by allowing White, who rented the mill in 1878, to pay the Jones' for the use of the millstones, while he only paid the plaintiff for the use of the mill-house and water-power.

The principle object of the agreement seems to have been to secure the rent of the tract of land as a farm, and what is said in it about the mill, so far from tending to show that the defendant recognized the right of the plaintiff to the millstones, would rather seem to indicate the contrary. For while the defendant agreed to give the plaintiff only *one-third* of the toll taken at the mill, the plaintiff was to pay *one-half* of any expense that might be incurred in running the mill—rather a singular arrangement, if the mill, with all its appurtenances, including the millstones, belonged to the plaintiff. We agree, therefore, with the Circuit judge that there was nothing in that agreement which estopped the defendant from setting up a claim to the millstones.

The second ground of appeal was not urged in the argument here, but was, as we understood, abandoned, and very properly abandoned, as it is very clear that it could not be sustained.

The third ground of appeal alleges error on the part of the Circuit judge in permitting the defendant to prove the agreement above referred to with the Messrs. Hughes, when the property was sold as the property of McNeely, under a judgment against him, and bought by the plaintiff. We do not find that any such objection was made to the testimony when it was offered, and, therefore, according to a well-settled rule, it cannot be interposed here. We may remark, however, that we are unable to perceive how such an objection could be sustained even if made at the proper time. The Hughes' were unquestionably the owners of the land at the time the agreement in question was made, and if it was afterwards sold under a judgment against McNeely, their vendor, that certainly would not

prevent proof of the agreement under which the millstones were put in the mill by the Jones'. The judgment could not bind the millstones which were put in the mill after McNeely had parted with his title, unless they had become a part of the freehold, which, as we have seen, was not the case.

The judgment of the Circuit Court is affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.